C.L.S. Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and George Fedorchak, Respondents.

Argued September 13, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

446

John R. Lenahan, Jr., with him Lenahan, Dempsey, Murphy & Piazza, for petitioner.

Robert J. Gillespie, Sr., for respondent.

Opinion by Judge Rogers, October 12, 1979:

This is the appeal of C.L.S. Coal Company from an order of the Workmen's Compensation Appeal Board affirming a referee's decision awarding benefits to George Fedorchak.

Mr. Fedorchak worked in various anthracite coal mines for some forty-six years. He last worked as a shovel operator in the appellant's strip mine for approximately two and one-half years. After leaving his job, Mr. Fedorchak filed a claim petition for workmen's compensation benefits, alleging that he was totally disabled as a result of anthracosilicosis caused by exposure to silica dust in the course of his employment. A referee conducted hearings at which claimant and the appellant presented sharply contradictory medical testimony as to the existence of pneumoconiosis. Because of the conflicting evidence, the referee appointed a Dr. Thomas K. Hale to serve as an impartial physician pursuant to Section 420 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §831.

Dr. Hale made his own clinical and physical examination of Mr. Fedorchak. He also had x-rays made and read by an expert and pulmonary function studies performed by a physician specialist. Based on all of these, he concluded that Mr. Fedorchak was totally and permanently disabled by anthracosilicosis with emphysema. The referee found that Mr. Fedorchak was disabled and awarded appropriate benefits. The Workmen's Compensation Appeal Board, as we have noted, upheld the referee's decision. We affirm the Board.

The appellant first says that we should remand the case for the appointment of another impartial physician because Dr. Hale was not truly impartial. The evidence of this alleged partiality is said by the appellant to be found in the fact that Dr. Hale had his new pulmonary studies made and new x-rays taken and read at Good Samaritan Hospital by the same persons who made the studies for Mr. Fedorchak. A careful examination of the record, including the extensive cross-examination of Dr. Hale by the appellant's counsel, discloses no grounds for rejecting Dr. Hale's evidence for this reason. The appellant's own pulmonary expert testified that the ventilation studies he made of Mr. Fedorchak showed low capacity, which he put down to Mr. Fedorchak's lack of cooperation. This evidence does not compel the conclusion that the tests made for Dr. Hale, also showing low capacity, were impure. With respect to the x-rays, the record reveals nothing more than a difference of professional opinion among the experts as to what they showed. There was no evidence that the persons making the studies had other than a purely scientific interest in the matters at hand. Moreover, Dr. Hale was a staff physician at Good Samaritan; we see nothing sinister in his having his studies made by people attached to that institution. In sum, we find nothing in the way Dr. Hale went about forming his opinion which demon-

strates partiality for the claimant. At most his failure to use others than Good Samaritan personnel to make tests and studies might affect the weight to be given to his opinion. This consideration of course was entirely for the referee. *Columbus Service International v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 441, 333 A.2d 233 (1975).

The appellant next says that the referee unduly restricted its cross-examination of Dr. Hale, the purpose of which was to show he was biased in favor of claimants as a class. Our reading of the record satisfies us that the appellant asked and got responses to all of the questions pertinent to this inquiry, including some responses which tended to show lack of bias. The purpose of the examination was apparently to bring out that Dr. Hale often testified for claimants in occupational disease cases. Dr. Hale conceded that he did; but he also declared that on occasion he testified for defendants. It is true that the referee took rather too much umbrage at appellant's counsel's unwillingness to accept Dr. Hale's impartiality; but this should not, and did not seem to, have prevented a full exploration of the subject. If the referee's animadversions prevented counsel from developing some evidence of bias other than that Dr. Hale often gave evidence for claimants, he has not told us what it was; nor, more importantly, did he offer it when the record was being made.

Order affirmed.

### ORDER

AND Now, this 12th day of October, 1979, the order of the Workmen's Compensation Appeal Board is affirmed and judgment is entered in favor of George Fedorchak and against the C.L.S. Coal Company which is hereby directed to pay compensation to George Fedorchak at the rate of $193.75 per week, beginning May 5, 1977.