(New) Jeddo Highland Coal Company, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John H. Hovanietz, Respondents.

Argued February 4, 1980, before Judges Crumlish, Jr., Wilkinson, Jr. and Mencer, sitting as a panel of three.

*John C. Mascelli,* of *Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*Robert J. Gillespie, Sr.,* for respondents.

Opinion by Judge Wilkinson, Jr., February 28, 1980:

This is an appeal by petitioner (employer) from an order of the Workmen's Compensation Appeal Board affirming an award for total disability due to anthracosilicosis to respondent (claimant). We affirm.

Claimant, who started working in the anthracite coal fields in 1938, last worked in that industry on March 31, 1977. After approximately seventeen years underground, the remainder of claimant's work consisted of various assignments in a cleaning plant. Hearings on claimant's claim petition were held on May 27 and August 26, 1977. The referee concluded that an impartial medical witness was needed to help resolve conflicting medical testimony presented at the first hearing. The second hearing produced the testimony of the impartial physician.

At the first hearing, claimant's family physician, Dr. Wesley G. Stish, stated that the claimant was totally disabled by moderately advanced anthracosilicosis resulting from the "accumulated effect of all his employment in the anthracite industry." In addition to his own clinical evaluation, Dr. Stish utilized the results of x-ray studies performed on claimant by Dr. Edgar L. Dessen, a radiologist, who found the presence of late Category 1 or early Category 2 pneumoconiosis.

In marked contrast, employer's medical witness, Dr. Sander J. Levinson, testified that he could find no evidence of any industrial pulmonary disease and that claimant was not disabled at all from any cause. Dr. Levinson based his medical opinion on the results of a clinical examination and a different set of x-rays which he said revealed clear lung fields within normal limits.

At a second hearing Dr. Peter L. Saras, appointed by the referee as an impartial medical expert, stated that in his opinion claimant suffered from totally disabling pneumoconiosis. Dr. Saras' opinion was based on the results of his clinical examination and the x-ray report originally completed by Dr. Dessen.

Employer contends here that the physician appointed by the referee was not in fact impartial and that a remand is in order for the appointment of a truly impartial witness. Dr. Saras failed to fulfill his appointed role, so the argument goes, because the examination he made of claimant's condition was not thorough and independent. We recently had the opportunity in *C.L.S. Coal Co. v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 445, 446, 406 A.2d 604, 605 (1979) to consider similar arguments where "sharply contradictory medical testimony" prompted the appointment of an impartial medical expert.

The argument here is based on the fact that Dr. Saras' opinion was based on one of the two conflicting x-ray reports already a part of the record and a pulmonary function study not employing certain specific tests. After a careful review of the record in this case we must conclude that employer's objections here concerning Dr. Saras' impartiality, like the employer's objections in *C.L.S. Coal Co., supra,* "[a]t most . . . might affect the weight to be given to his opinion. This consideration of course [is] entirely for the referee." *Id.* at 448, 406 A.2d at 605. (Citation omitted.)

We find no merit in employer's argument that an appointed medical witness, in order to qualify as "impartial", must conduct anew each and every aspect of the examination over which a conflict in testimony was produced. Dr. Saras examined the medical reports of record. While it seems to us more appropriate to have x-rays, we are not willing to hold that it is reversible error not to do so. The extent and content of the pulmonary function studies performed by the impartial physician go to the weight to be accorded his opinion.

We need hardly add that a referee's decision to accept the medical testimony of one witness over another will not be disturbed on appeal. *Modern Transfer v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 592, 408 A.2d 900 (1979). Substantial evidence supports the referee's determination in this case.

Accordingly, we will enter the following

## ORDER

AND Now, February 28, 1980, the order of the Workmen's Compensation Appeal Board at Docket No. A-74006 dated September 7, 1978 is hereby affirmed and it is ordered that judgment be entered in favor of respondent, John F. Hovanietz and against petitioner, (New) Jeddo Highland Coal Company

and/or its insurance carrier, Lackawanna Casualty Company in the amount of $199.00 per week commencing with the week beginning April 11, 1977 and continuing into the future in accordance with the provisions of The Pennsylvania Workmen's Compensation Act with interest at the rate of 10 percent per annum on all deferred installments.

The Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation is directed to pay to Peter L. Saras, M.D., impartial physician, the sum of $300.00 his fee and costs, from funds specifically appropriated therefor.

President Judge BOWMAN did not participate in the decision in this case.