Victoria PARKER, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (DOCK TERRACE NURSING HOME), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 29, 1999.
Decided March 9, 1999.

---

Steven H. Kitty, Doylestown, for appellant.

Wendy L. Slear, Philadelphia, for appellee.

1. Act of June 2, 1915, P.L. 736, *as amended,*

Before COLINS, President Judge, FLAHERTY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Victoria Parker (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ). The WCJ's decision granted Dock Terrace Nursing Center's termination petition and denied Claimant's reconsideration of utilization review petition pursuant to the Workers' Compensation Act (Act).[1]

Claimant suffered an injury to her neck and back on February 28, 1984, during the course and scope of her employment as a nursing assistant for Dock Terrace Nursing Center (Employer). Claimant has been treated continuously for her work-related injury since 1984 by various medical personnel including physical therapists, a neurologist, and several chiropractors. Claimant received workers' compensation benefits from the time of her injury until her partial disability payments were commuted on September 21, 1993.

On October 2, 1993, Employer filed a request for utilization review challenging the reasonableness and necessity of Claimant's chiropractic treatment. The Utilization Review Organization found this treatment unreasonable and unnecessary. Claimant filed a request for reconsideration, which affirmed the initial determination that the challenged treatment was neither reasonable nor necessary. On October 11, 1994, Claimant filed a petition to review consideration of utilization review.

On June 22, 1995, Employer filed a petition for termination of benefits alleging full recovery as of May 16, 1995. This petition was consolidated for disposition with Claimant's utilization review petition.

By decision and order dated January 16, 1997, the WCJ denied Claimant's utilization review petition. The WCJ accepted

77 P.S. §§1–1041.1; 2501–2626.

as credible Dr. Jonathan McCulluogh's testimony that Claimant's chiropractic treatments after August 31, 1993, were not reasonable or necessary and rejected Dr. Brian Solofsky's testimony that Claimant's work-related injury would require chiropractic treatment for the rest of her life. The WCJ also granted Employer's termination petition, finding as credible Dr. McCulluogh's opinion that as of May 16, 1995, Claimant had fully recovered from her February 28, 1984 work-related injury.

The WCJ made the following pertinent findings of fact and conclusion of law:

4. [Employer] presented the testimony of Dr. Jonathan McCulluogh, who examined the Claimant in May 1995. He testified that:

e. It was Dr. McCulluogh's opinion that Claimant was deconditioned because of ongoing chiropractic care, and that as long as Claimant received chiropractic care, she would remain deconditioned.

5. The undersigned finds the testimony of Dr. McCulluogh to be more persuasive than that of Dr. Solofsky.... Although the undersigned finds Claimant's testimony credible, the undersigned considers Dr. McCulluogh's testimony to be dispositive.

6. Based on the testimony of Dr. McCulluogh, the undersigned finds that Claimant's chiropractic treatments after August 31, 1993 were not reasonable and necessary. Additionally, the undersigned finds that the Claimant had fully recovered from her work injuries as of May 16, 1995.

. . . .

2. [Employer] has the burden of proof on a termination petition to establish that Claimant has fully recovered from her work injury. [Employer] has met that burden.

(WCJ's decision at 3–4; Findings of Fact Nos. 4–6; Conclusion of Law No. 2.) Claimant appealed to the Board, which affirmed the WCJ's order, concluding that:

The [WCJ] had substantial evidence to support the disputed Fact Findings. We do not find the Fact Findings to be inconsistent.... A review of Dr. McCulluogh's testimony in its entirety clearly reveals that the Claimant's deconditioned status was not related to her work injury.

(Board's decision at 4–5.) Claimant now petitions for review to this Court.[2]

It is well established that an employer seeking to terminate workers' compensation benefits bears the burden of proving by substantial evidence either that the employee's disability has ceased, or that any current disability arises from a cause unrelated to the employee's work injury. *Gumro v. Workmen's Compensation Appeal Board*, 533 Pa. 461, 626 A.2d 94 (1993). Employer must show that any continued disability is the result of an independent cause or the lack of a causal connection between the continued disability and the original compensable injury. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). In either situation, this is a considerable burden because the claimant's disability is presumed

2. Our scope of review in appeals from the Board is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper)*, 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994). Substantial evidence is such evidence that a rational person could accept to support the WCJ's conclusion. In the absence of evidence which we consider to be insubstantial or incompetent, it is not the role of the Court to reweigh the evidence or to alter the decision of the WCJ. *Universal Cyclops Steel Corp. v. Workmen's Compensation Appeal Board*, 9 Pa.Cmwlth. 176, 305 A.2d 757 (1973). Moreover, in workers' compensation cases the WCJ is the sole judge of credibility, and the WCJ may accept or reject the testimony of any witness in whole or in part. *Id.* This Court cannot disturb the findings of the WCJ if those findings are supported by substantial evidence, even if there is evidence to the contrary. *Id.*

to continue until demonstrated otherwise; there is no burden on the claimant to prove anything at all. *Dickson v. Workmen's Compensation Appeal Board (Unico Construction Co., PMA Group)*, 676 A.2d 1321 (Pa.Cmwlth.1996), *petition for allowance of appeal denied,* 546 Pa. 696, 687 A.2d 380 (1997).

The issue on appeal[3] in the instant case, therefore, is whether substantial evidence of record supports the WCJ's determination that Employer met its burden, as a matter of law, under the termination petition, *i.e.*, that Employer established that Claimant's work-related injury has ceased or, if it has not ceased, that is no longer materially contributes to her ongoing disability.

In support of its termination petition, Employer presented the testimony of Jonathan W. McCulluogh, D.C. Dr. McCulluogh testified that as of May 16, 1995, Claimant had fully recovered from her work-related injury of February 28, 1984. (Deposition of Dr. McCulluogh, pp. 25–26.) However, Dr. McCulluogh also testified that as a result of the treatment Claimant received for her work-related injury, Claimant is "deconditioned" and unable to return to her pre-injury position with Employer. (Deposition of Dr. McCulluogh, pp. 42–45) Dr. McCulluogh testified that Claimant's deonditioning was the result of the passive (chiropractic) care Claimant received. (Deposition of Dr. McCulluogh, pp. 42,45.) Dr. McCulluogh also testified that Claimant needs continued treatment in the form of an active exercise program, to be weaned off passive chiropractic care. (Deposition of Dr. McCulluogh, p. 45.)

■ "Where claimant in good faith seeks medical treatment for [her] injury and the medical treatment itself either aggravates the existing injury or causes new additional injury, the law regards the latter as having been caused by the original accident." *Workmen's Compensation Appeal Board v. Ira Berger & Sons,* 470 Pa. 239, 243, 368 A.2d 282, 284 (1977) (quoting *Hurchick v. Falls Township Board of Supervisors,* 32 Pa. D. & C.2d 729, 734–36, *affirmed per curiam,* 203 Pa.Super. 1, 198 A.2d 356 (1964)). "The subsequent aggravation or new injury is attributable to the original accident even in cases of mistaken diagnosis, unnecessary operations, and negligence in treatment." *Id.* at 244, 368 A.2d at 284.

■ Employer presented no evidence, testimonial or otherwise, establishing a lack of causal connection between Claimant's deconditioned state and her work-related injury. We reiterate that once a claimant establishes her right to benefits, those benefits remain in effect unless and until the employer satisfies its burden of proving entitlement to termination. The claimant does not have to establish continuing entitlement to benefits. The record is void of any evidence establishing an independent cause or lack of causal connection between Claimant's current disability and her work-related injury of February 28, 1984. We hold, therefore that the WCJ's determination that Employer met its burden under the termination petition was not supported by substantial evidence.

Accordingly, we reverse the order of the Board and reinstate Claimant's benefits.

### *O R D E R*

AND NOW, this 9th day of March, 1999, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby reversed. The benefits of Victoria Parker are reinstated.

---

**3.** Claimant did not appeal the Board's determination with regards to the utilization review petition.