**Thomas SAVILLE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PATHMARK STORES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2000.
Decided Aug. 7, 2000.

Kenneth M. Rodgers, Philadelphia, for petitioner.

Wendy L. Slear, Philadelphia, for respondent.

Before PELLEGRINI, Judge, FLAHERTY, Judge, and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Thomas Saville (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which upheld the order of the Workers' Compensation Judge (WCJ) that granted Pathmark Stores, Inc.'s (Employer) termination petition. We affirm.

Claimant was employed as a grocery clerk for Employer stocking shelves. On December 10, 1993, Claimant sustained a low back injury which was accepted as compensable by Employer which issued a Notice of Compensation Payable. Claimant began treating with Dr. LoBianco on March 25, 1994. On March 13, 1997,

Claimant underwent an independent medical examination by Dr. Resnick, a board-certified orthopedic surgeon. Dr. Resnick issued a report wherein Dr. Resnick opined that Claimant had fully recovered from his work injury although acknowledging that Claimant had degenerative changes in his lumbar spine unrelated to the work injury and that these changes were not aggravated by Claimant's December 10, 1993 work-injury. Based upon this report Employer filed a termination petition on April 8, 1997. The petition was assigned to a WCJ who conducted proceedings.

At these proceedings Employer presented the testimony of Dr. Resnick who testified that he performed a medical examination of Claimant, reviewed Claimant's medical records and diagnostic studies. Dr. Resnick noted that upon physical examination and testing, Claimant exhibited no abnormalities but for evidence of chronic degenerative changes in Claimant's lumbar spine which were unrelated to Claimant's December 10, 1993 work injury. Dr. Resnick further noted that Claimant had subjective complaints of pain but that there were no objective findings supporting these subjective claims of pain. Accordingly, Dr. Resnick opined that Claimant had fully recovered from his work injury. Dr. Resnick would not release Claimant to return to unrestricted work due to the chronic degenerative changes in Claimant's lumbar spine which was unrelated to Claimant's December 10, 1993 work injury. Employer also presented the testimony of Ms. Cynthia Ladson who testified concerning the offer to Claimant of his pre-injury position as of April 28, 1997, without loss of earnings.

In opposition, Claimant presented his own testimony, wherein Claimant testified that he continued to experience pain and could not work. In addition, Claimant presented the testimony of Dr. LoBianco, a general practitioner. Dr. LoBianco testified that Claimant had not recovered from his work injury and had lingering lumbar radiculopathy and strain. Despite several years of treatment, Dr. LoBianco testified that Claimant's physical examination findings, complaints and disability status remained unchanged.

■ The WCJ found Dr. Resnick to be more credible than Dr. LoBianco and found that Employer carried its burden to prove that Claimant was fully recovered from his work-injury and so the WCJ granted Employer's termination petition. Claimant appealed to the Board which affirmed. Claimant now petitions this court for review. Appellate review over an order of the Board is limited to determining whether necessary factual findings of the WCJ are supported by substantial evidence, whether constitutional rights were violated and whether an error of law was committed. *Udvari v. Workmen's Compensation Appeal Board (USAir)*, 550 Pa. 319, 705 A.2d 1290 (1997).

The first issue which Claimant presents is: whether the testimony of the employer's medical expert, that he restricted Claimant to modified work, in part because of Claimant's subjective complaints renders his testimony equivocal as to whether Claimant may return to work without restriction, as required by the Pennsylvania Supreme Court in *Udvari* and, therefore, insufficient as a matter of law to carry employer's burden with respect to the termination of workers' compensation benefits? *See* Claimant's Brief at p. 3. Essentially, Claimant is arguing that there is not substantial evidence to support a termination of Claimant's benefits because the testimony of Employer's medical expert was equivocal and therefore incompetent and thus could not constitute substantial evidence.

■ Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). Additionally, in performing a substantial

evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Birmingham Fire Ins. Co. v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96 (Pa.Cmwlth.1995). Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Furthermore, in a substantial evidence analysis utilized where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations)*, 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982). It is solely for the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. *Bethenergy Mines.* In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Dana v. Workers' Compensation Appeal Board (Hollywood)*, 706 A.2d 396 (Pa.Cmwlth.1998), *allocatur denied*, 556 Pa. 696, 727 A.2d 1123 (1998). As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these principles in mind that we consider this challenge.

Here, Claimant is alleging that the testimony of Dr. Resnick, Employer's expert, is equivocal, though more precisely, legally incompetent because it fails to meet the legal test clarified in *Udvari*.

Claimant argues that the rule of *Udvari* states that where an individual is experiencing subjective complaints of pain but there are no objective findings to support the subjective complaints, an employer's expert must testify that claimant is fully recovered and can return to work without restrictions. *Udvari*, 550 Pa. at 327, 705 A.2d at 1293. Claimant points to the following evidence as causing the testimony of employer's expert, Dr. Resnick, to be insufficient to meet this test. Employer's expert testified on direct examination as follows:

Q. Doctor, were you able to reach an opinion to a reasonable degree of medical certainty as to whether Mr. Saville was capable of returning to work?

A. Yes. My opinion was that he could return to work, but **that it would be modified work. Not unrestricted heavy laboring work, but modified work**.

Q. Doctor, did you impose any restrictions on Mr. Saville's ability to return to work specifically as a result of what you believe to be any residuals from the December 1993 work-related accident or injury?

A. No. I would not have placed any restriction with regard to the accident itself.

Q. What was the basis of your concluding that Mr. Saville could return to some type of work in a modified or restricted capacity?

A. The basis was my examination which was unremarkable, **the subjective complaints which the man made, and his history of having made complaints about his back**. In that regard I felt that although he could work full time, that he could have some restricted [sic] on his physical capabilities.

Reproduced Record (R.R.) at pp. 19r–20r (emphasis added). Essentially, Claimant argues that the emphasized portions of testimony above render Dr. Resnick's testimony insufficient under the *Udvari* test. We disagree.

In *Udvari*, the employer, USAir, Inc. filed a termination petition. In support of that petition, USAir presented the testimony of a physician who testified that the claimant had fully recovered. The WCJ granted a termination and the Board af-

firmed. This court reversed the termination and opined that because, inter alia, USAir's medical expert testified regarding claimant's continuing subjective complaints of pain, a termination was improper, finding a suspension was more appropriate. USAir appealed arguing that there was substantial evidence to support a termination. The Supreme Court agreed, reversed this court and held that:

> [w]e must keep in mind that the employer bears the burden of proof in a termination proceeding to establish that the work injury has ceased. In a case where the claimant complains of continued pain, this burden is met when an employer's medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without any restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury.

*Udvari,* 550 Pa. at 327, 705 A.2d at 1293.

■ Here in this case, we find that Dr. Resnick's testimony, taken as a whole, met the *Udvari* test. The mere fact that Dr. Resnick placed restrictions upon Claimant due in part to Claimant's subjective complaints of pain does not render Dr. Resnick's testimony inadequate under *Udvari.* While it is true that Dr. Resnick considered Claimant's subjective complaints of pain in placing Claimant on restrictions, it is equally clear that Dr. Resnick did not consider those subjective complaints of pain to be related to the work injury. For example, in the above quoted exchange, Dr. Resnick clearly stated that he "would not have placed any restrictions with regard to the accident [i.e., work-related in-

jury] itself." The record is clear on this point. In response to a question regarding the limitations Dr. Resnick placed upon Claimant, Dr. Resnick testified as follows:

> [a]s I said earlier, I believe that there are no restrictions to be placed upon his physical capacities with regard to the work injury he sustained in 1993 from which in my opinion he recovered.
>
> However, I have placed the limitations in my physical capabilities form upon his work abilities in regard to what I consider to be a chronic degenerative condition in his low back, not arising from the injury but an independent condition.

R.R. at 27r–28r.[1] Thus, it is clear that although there were restrictions placed upon Claimant, those restrictions were not work-related. This is significant because as we recently held that in a termination proceeding where restrictions are placed upon a claimant, but it is established that those restrictions are not causally related to the work injury, the employer is entitled to a termination so long as the medical expert has testified that the claimant is fully recovered from the work-related injury. *See Davis v. Workers' Compensation Appeal Board (Mercy Douglas),* 749 A.2d 1033 (Pa.Cmwlth.2000)(en banc).

In *Davis,* the claimant suffered a low back sprain/strain. The employer petitioned for termination and presented the testimony of Dr. Kallish who testified essentially that claimant had fully recovered from her work injury. The claimant in *Davis,* like Claimant herein, complained of subjective pain. Dr. Kallish in *Davis,* like Dr. Resnick herein, testified that there was no objective evidence to support those subjective complaints of pain. The WCJ granted the termination petition and the

---

1. Dr. Resnick also testified that the work related injury did not aggravate the chronic degenerative condition. The following exchange took place:

    Q. Doctor, were you able to reach an opinion to a reasonable degree of medical certainty as to whether the work related injury that Mr. Saville described to you as

having occurred back in December of 1993, either aggravated or accelerated the degeneration or degenerative changes that were present in this gentleman's lumbar region.

    A. In my opinion it did not. I found no evidence that there was any aggravation or exacerbation in this regard.

R.R. at 18r–19r.

Board affirmed. The claimant in *Davis* petitioned for review in this court. She argued to this court that "employer failed to present sufficient, competent evidence to support the termination of her benefits because employer's medical witness failed to testify that claimant could return to work without restrictions." *Davis*, 749 A.2d at 1034. This argument is remarkably similar to the argument which Claimant makes herein. We rejected the argument in *Davis* that merely because the employer's expert testified that claimant could not return to work without restrictions that employer failed to carry its burden of proof to entitle it to a termination. In holding that Dr. Kallish's testimony in *Davis* was sufficient to meet employer's burden we stated that "Dr. Kallish's opinion that minimal restrictions should apply on her immediate return to employment did not render his opinion equivocal or insufficient because such restrictions were not related to her work injury." *Davis*, 749 A.2d at 1035. Thus, although *Udvari* speaks in terms of requiring medical testimony that a claimant can return to work without restrictions, we understand *Udvari* to require only medical testimony that a claimant can return to work without restrictions which are causally related to the work injury. Hence we reject Claimant's argument that simply because Dr. Resnick, Employer's expert, failed to testify that Claimant could return to work without restrictions, Employer failed to carry its burden of proving entitlement to a termination. As in *Davis*, because the restrictions placed upon Claimant herein were not related to her work injury, those restrictions do not render Dr. Resnick's testimony insufficient to sustain Employer's burden.

Nevertheless, Claimant attempts to rely upon *Thompson v. Workers' Compensation Appeal Board (Sacred Heart Medical Center)*, 720 A.2d 1074 (Pa.Cmwlth.1998), *allocatur denied*, 559 Pa. 699, 739 A.2d 1062 (1999) to support her contention that Dr. Resnick's testimony was insufficient. We find her reliance unpersuasive. First and foremost, we note that *Thompson* was a panel decision decided in 1998 without the benefit of the analysis which the court en banc provided in *Davis*. Second, it does not appear that the issue which is dispositive herein was raised by the parties in *Thompson* and therefore not directly addressed in *Thompson*. Namely, the dispositive issue herein is what is the meaning of the phrase from *Udvari*, requiring an employer's expert to testify that the claimant "can return to work without restrictions." Whereas the issue was not apparently raised and therefore not addressed in *Thompson*, the issue was impliedly addressed in *Davis*.

■ In *Davis*, the claimant contended that "since [the] employer's medical witness testified that it was necessary for her to return to work with restrictions, such testimony is insufficient to support the termination of benefits." *Davis*, 749 A.2d at 1035. We disagreed and explained that an employer's burden for termination is met when either it proves all physical disability has ceased or that whatever physical disability claimant is currently experiencing is the result of an independent cause totally separate and distinct from the work-related injury which is another way of saying that the employer must show a lack of causal connection between any currently existing disability and the work-related injury. *See Davis*, 749 A.2d at 1035, *quoting, Parker v. Workers' Compensation Appeal Board (Dock Terrace Nursing Home)*, 729 A.2d 102, 104–05 (Pa.Cmwlth. 1999). To put this in concrete terms, this means, as explained above, that any restrictions placed upon a claimant which are not causally related to the work injury do not preclude the grant of an employer's termination petition. In other words, the phrase from *Udvari*, "can return to work without restrictions" means "can return to work without restrictions **which are causally related to the work injury.**" *See, e.g., Pavonarius v. Workers' Compensation Appeal Board (Samuel Levitt Sheet Metal, Inc.)*, 714 A.2d 1135 (Pa.Cmwlth.

1998), *allocatur denied*, 558 Pa. 613, 736 A.2d 606 (1999)(termination properly granted where employer's doctor testified that claimant's continuing pain and restrictions were related to pre-existing degenerative disc disease and not to claimant's work-related low back sprain/strain which was fully resolved).

Because Employer's medical expert's testimony as a whole, viewed in a light most favorable to Employer as the party who succeeded before the factfinder, establishes that Claimant had fully recovered from his work related injury and that there was no objective basis for Claimant's subjective complaints of ongoing pain and that the remaining restrictions placed upon Claimant were not related to the work injury, Employer met his burden under *Udvari* to merit a termination. Accordingly, this issue does not merit Claimant relief.

The next issue which Claimant raises is whether the WCJ's finding of full recovery is supported by substantial evidence, notwithstanding Claimant's subjective complaints of pain and Employer's medical expert testimony that no objective basis exists for the complaints when there actually exists abnormal diagnostic studies demonstrating an objective basis? *See* Claimant's brief at p. 15.

Claimant points to the fact that there were allegedly two abnormal EMG studies taken of Claimant's lower extremities in May 1994 and in August 1997. Claimant's expert, Dr. LoBianco, testified that he referred Claimant to a Doctor Kaplan who performed EMGs in May 1994 and in August 1997 which, according to Dr. Kaplan, indicated lumbosacral radiculopathy. Dr. LoBianco was not provided with the actual EMG results but only with a written narrative summary by Dr. Kaplan. R.R. at 78r. Claimant essentially argues that because Employer's medical expert, Dr. Resnick did not have either the two EMG studies or Dr. Kaplan's narrative summary, Dr. Resnick's expert opinion regarding Claimant's full recovery is incompetent as a matter of law and thus cannot provide substantial evidence to support the WCJ's finding of full recovery.

We note however, that Dr. Resnick testified that he conducted a thorough physical examination of Claimant on March 13, 1997, making Claimant undergo a series of physical tests including a neurological examination. In addition, Dr. Resnick, examined an MRI and other diagnostic studies which failed to show any disc abnormalities but for the existence of pre-existing degenerative disc disease. Claimant had full range of motion of the lumbar spine with no local tenderness, as well as full range of motion of the lower extremities, with no evidence of atrophy. Claimant had an entirely negative neurological exam. Lastly, Dr. Resnick found no evidence on physical exam of any radiculopathy or findings consistent with nerve injury. *See* WCJ's Findings of Fact (F.F.) Nos. 3–5. This testimony combined with Dr. Resnick's opinion that Claimant has fully recovered from his work injury constitutes such relevant evidence as a reasonable person might accept as adequate to support the WCJ's finding of full recovery. Notwithstanding this, Claimant argues that Dr. Resnick's testimony is rendered legally incompetent and thus cannot constitute substantial evidence. However, the mere fact that an expert does not have certain records before him or her or even all of the medical records on a given claimant in providing an expert opinion does not render the expert testimony incompetent but merely goes to the question of the weight to be accorded to such expert testimony, a question wholly entrusted to the factfinder. *See, e.g., (New) Jeddo Highland Coal Company v. Workmen's Compensation Appeal Board (Hovanietz)*, 49 Pa.Cmwlth. 493, 411 A.2d 582 (1980). Because Dr. Resnick's merely lacking Dr. Kaplan's report did not render Dr. Resnick's opinion as to Claimant's full recovery legally incompetent, there was substantial evidence to support the WCJ's

finding of full recovery. Accordingly, this issue does not merit Claimant relief.

Hence, the order of the Board is affirmed.

### *ORDER*

AND NOW, this 7th day of August, 2000, the order of the Workers' Compensation Appeal Board docketed at A98–1467 and dated July 13, 1999 is affirmed.