# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Whyel,                                    :
                                                :
            Petitioner                          :
                                                :
      v.                                        : No. 37 C.D. 2014
                                                : Submitted: April 25, 2014
Workers' Compensation Appeal                    :
Board (BAE Systems),                            :
                                                :
            Respondent                          :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                         **FILED:  July 24, 2014**


        In accordance with the Pennsylvania Workers' Compensation Act
(Act),[1] David Whyel (Claimant) petitions for review of the December 30, 2013
order of the Workers' Compensation Appeal Board (Board) that affirmed the
decision and order of the Workers' Compensation Judge (WCJ), which had
dismissed Claimant's Review Petition and granted the Termination Petition filed
by BAE Systems, Inc. (Employer).  For the reasons that follow, we affirm the
order of the Board.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

On June 3, 2008, Claimant injured his lower back during the course of his employment as a shop technician responsible for stripping and reconditioning components for armored military vehicles. (WCJ Decision and Order, 06/09/2009, Finding of Fact (F.F.) ¶¶3a-b, 4b.) Prior to his work-injury, Claimant had undergone surgery on his lower back, and consequently, at the time of his work-injury Claimant was on light-duty. (WCJ Decision and Order, 06/09/2009, F.F. ¶¶3k, 5.) On June 9, 2009, the WCJ issued a decision and order accepting Claimant's work-injury and granting Claimant's initial claim petition. (WCJ Decision and Order, 06/09/2009.) On December 16, 2009, Claimant filed a Petition for Review of Compensation Benefits requesting that the description of his injury in the Notice of Compensation Payable (NCP) be enlarged to include an injury to his right shoulder and, on March 4, 2010, Employer filed a Petition to Terminate alleging that as of December 7, 2009, Claimant had fully recovered from his work-injury. The two Petitions were reviewed together and the WCJ concluded that Claimant's shoulder injury was not related to his work-injury and that Claimant had fully recovered from his work-injury. (WCJ Decision and Order, 04/04/2011, F.F. ¶¶14-15.) In reaching the conclusions that Claimant's shoulder injury was unrelated to his work-injury and that Claimant had fully recovered, the WCJ relied upon the testimony of Employer's medical expert Dr. Richard S. Kaplan, M.D. (*Id*. at ¶¶10, 14-15.) The WCJ also rejected the testimony of Claimant's medical experts Dr. William J. Mitchell, M.D., and Dr. Alan J. Cappellini, D.C., to the extent that these opinions contradicted the opinion of Dr. Kaplan. (*Id*. at ¶¶ 12-15.) Claimant appealed the WCJ's decision and order to the Board, and the Board affirmed; Claimant then appealed to this Court. (Board Decision and Order, 12/30/2013.)

2

The sole issue presented for review is whether the WCJ erred as a matter of law by relying upon the testimony of Dr. Kaplan.[2]  Claimant argues that Dr. Kaplan's testimony demonstrates that he was unaware of the accepted work-injury.  Claimant contends that because Dr. Kaplan did not know the nature of Claimant's work-injury, his testimony is insufficient to support the Employer's burden in a termination petition proceeding.[3]

In support of this argument, Claimant relies upon *Westmoreland County v. Workers' Compensation Appeal Board (Fuller)*, 942 A.2d 213 (Pa. Cmwlth. 2008).  In *Fuller*, this Court held that the testimony of employer's medical expert could not support a termination petition where the medical expert did not accept the work-injury and, having failed to accept the "established facts," also failed to offer an opinion even assuming the existence of the work-injury.  942 A.2d at 218-220.  This Court's logic was simple: a medical opinion that a claimant has fully recovered from a work-injury is insufficient to support termination of benefits where the physician does not accept the fact that there was an injury to recover from.  *Id*.; *see also Elberson v. Workers' Compensation Appeal Board (Elwyn, Inc.)*, 936 A.2d 1195, 1199 (Pa. Cmwlth. 2007) (medical expert's opinion that claimant was recovered from work-injury did not satisfy employer's burden

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether constitutional rights were violated.  *Thompson v. Workers' Compensation Appeal Board (Shoap)*, 720 A.2d 1074, 1076 (Pa. Cmwlth. 1998).

[3] "An employer seeking to terminate a claimant's benefits must prove that a claimant's disability has ceased, or that any existing injury is not the result of the work-related injury.  An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from the work-related injury."  *O'Neill v. Workers' Compensation Appeal Board (News Corp. LTD.)*, 29 A.3d 50, 53 (Pa. Cmwlth. 2011) (internal citations omitted).

3

where expert did not know what the accepted work-injury was); *GA & FC Wagman, Inc. v. Workers' Compensation Appeal Board (Aucker)*, 785 A.2d 1087, 1092 (Pa. Cmwlth. 2001) (in a termination petition proceeding, an employer cannot satisfy its burden to demonstrate that a claimant has fully recovered with testimony from a medical expert that does not acknowledge the work-injury); *compare To v. Workers' Compensation Appeal Board (Insaco, Inc.)*, 819 A.2d 1222, 1225 (Pa. Cmwlth. 2003) (medical expert's testimony was sufficient to support termination of benefits where medical expert opined that claimant was fully recovered from accepted work-injury, even though medical expert expressed skepticism concerning claimant's report of injury).

Here, Dr. Kaplan's testimony is quite different from the medical experts found lacking in *Fuller*, *Elberson*, and *Wagman*. On direct examination, Dr. Kaplan specifically testified that Claimant had fully recovered from the lower back injury he sustained at work on June 3, 2008, as described in the WCJ's 2009 Decision and Order. (Kaplan Deposition 10/25/2010 (Kaplan Dep.) at 41.) Prior to giving this testimony, Dr. Kaplan testified to his extensive review of Claimant's medical history, the past workers' compensation decisions and documentation, and the depositions previously given in these proceedings. (*Id*. at 16-28.) Dr. Kaplan also testified concerning his physical examination of Claimant and his informal observations of Claimant on the day of Claimant's visit to his office. (*Id*. at 28-35.) It is clear from this testimony that Dr. Kaplan was aware of and accepted Claimant's work-injury. It is also clear that Dr. Kaplan unequivocally concludes that Claimant has fully recovered from that injury.

The testimony that Claimant finds objectionable was given on cross-examination, where the following exchange took place between Dr. Kaplan and Claimant's attorney:

Q. Doctor, do you accept the [WCJ's] conclusion that the Claimant had, as a result of this work injury, herniated disc and radial tears in his low back?

A. I'm not aware that the [WCJ] reached that conclusion.

Q. Well, one of the things you looked at was the previous decision. That's what you testified to;--

A. Correct.

Q. --is it not?

A. Yes. But I'm not aware that the previous decision reached that conclusion.

Q. What's your understanding then of what the [WCJ's] interpretation or decision was with regard to the Claimant's injury? What was it?

A. The ruling as I understand it, probably because I'm a doctor not a lawyer, is I understand that it's a very non-specific ruling. I would interpret it as being non-specific sprain/strain, perhaps non-specific radicular pain. But there's no specific ruling that I'm aware of that says there's a herniated disc or any other specific neurological injury.

Q. I'm not trying to put words in your mouth. I'm not going to belabor it. Just one more time, I want to give you the opportunity, tell us your understanding of what the [WCJ's] interpretation is or what his ruling was or finding?

[Employer's Attorney.] Objection. You asked and answered. You can try to answer it again, Doctor.

5

A. My understanding is that the ruling is non-specific and could be interpreted as consistent with a non-verifiable radicular pain or with a non-specific rotation injury, or with a sprain/strain.

(*Id.* at 67-69.) Dr. Kaplan's testimony is entirely consistent with the WCJ's finding in the Decision and Order issued on June 9, 2009 concerning the nature of Claimant's work-injury: an injury to Claimant's lower back that significantly affected his pre-existing lower back condition. (WCJ Decision and Order, 06/09/2009, F.F. ¶8.) Although the WCJ discussed at length the differing medical evidence and opinion concerning Claimant's injury in that decision, the WCJ did not specifically accept a herniated disc and radial tears as Claimant's work injury but instead adhered to the broader finding of a "low back injury." (*Id.*, F.F. ¶¶5-6, 8.) The WCJ did so again in the Decision and Order issued on April 4, 2011, wherein Claimant's work-injury was described as a "low back injury" occurring on June 3, 2008. (WCJ Decision and Order, 04/04/2011, *passim*.)

Notwithstanding the fact that the accepted injury is not what was offered to Dr. Kaplan during cross-examination, Dr. Kaplan's testimony as a whole demonstrates that he was familiar with and did not dispute the more specific evidence of radial tears and a herniated disc originating in the medical evidence presented by Drs. Mitchell and Cappellini and reviewed in the WCJ's June 9, 2009 Decision. (Kaplan Dep., *passim*; WCJ Decision and Order, 06/09/2009, F.F. ¶¶5-6.); *see, e.g., O'Neill*, 29 A.3d at 55 (a medical expert's testimony must be reviewed as a whole). Rather, what Dr. Kaplan did dispute is the opinion of Drs. Mitchell and Cappellini that Claimant has not recovered from his work-injury. In the June 9, 2009 Decision and Order issued by the WCJ, the WCJ credited the testimony of Drs. Mitchell and Cappellini; in the April 4, 2011 Decision and Order

6

at issue now, the WCJ credited Dr. Kaplan and rejected the opinions of Drs. Mitchell and Cappellini to the extent that they differed from the opinion of Dr. Kaplan. (WCJ Decision and Order, 04/04/2011, F.F. ¶15.) The WCJ is free to accept or reject the testimony of any witness in whole or in part, including medical witnesses. *US Airways v. Workers' Compensation Appeal Board (Johnston)*, 713 A.2d 1192, 1195 (Pa. Cmwth. 1998). Issues of credibility and the weight afforded the evidence are within the sole province of the WCJ. *Id.* The WCJ did not err in concluding that the testimony of Dr. Kaplan established that Claimant had recovered from his work-injury as of December 7, 2009 and the credible testimony of Dr. Kaplan is sufficient to support Employer's Petition to Terminate.

The order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Whyel,                                    :
                                                :
                    Petitioner                  :
                                                :
          v.                                    : No. 37 C.D. 2014
                                                :
Workers' Compensation Appeal                    :
Board (BAE Systems),                            :
                                                :
                    Respondent                  :

# **O R D E R**

AND NOW, this 24th day of July, 2014, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____ _____

**JAMES GARDNER COLINS, Senior Judge**