**Ella THOMPSON, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (SACRED HEART MEDICAL CENTER), Respondent (Two Cases).**

Commonwealth Court of Pennsylvania.

Decided Jan. 20, 1999.

Publication Ordered April 27, 1999.

Lawrence Hannaway, Philadelphia, for petitioner.

Peter M. Harrison, Philadelphia, for respondent.

FLAHERTY, Judge.

Before this Court is Employer Sacred Heart Medical Center's Application for Supersedeas, which we deny.

On October 30, 1998, this Court filed its opinion and order in the above captioned matter which reversed the decision of the Worker's Compensation Appeal Board (Board) at No. A95–2578, terminating Claimant Ella Thompson's benefits and reinstating her benefits in accordance with that opinion. The Court further vacated the Board's order at A95–3010, which affirmed the Employer's withdrawal of its Modification Petition, and remanded the matter of the modification of Claimant's benefits to the Board for further findings and adjudication.[1]

The Employer then timely filed an Application for Reargument or Reconsideration with this Court by mailing the Application on November 12, 1998, to this Court, via United States Postal Service (USPS), with an accompanying USPS Form 3817 (indicating the mailing date of November 12, 1998), which this Court received on November 16, 1998.[2] Within the same envelope, Employer also mailed to and timely filed with this Court, in conjunction with its Application for Reargument/Reconsideration, its Application for Supersedeas Relief.

Claimant contested the granting of the Supersedeas by filing an Answer to Employer's Application for Supersedeas, contending that Employer's request for Supersedeas was 1) out of time; and 2) that Employer did not meet the requirements for the granting of a supersedeas.

 In a workers' compensation matter, the "supersedeas" is essentially an order postponing the payment of money until a further adjudication can be made. In an initial appeal to the Commonwealth Court from an order of the Board, the initial

---

1. Opinion reported at *Thompson v. Workers' Compensation Appeal Board (Sacred Heart Medical Center),* 720 A.2d 1074 (Pa. Commw.1998).

2. Claimant's Counsel argued in great detail the untimeliness of the Employer's filing, and counsel is urged to be responsible enough to confirm with the court Prothonotary the date of filing prior to presenting to this or any court an argument with no basis in fact. The Courts should not have to do the investigative work of counsel. As stated in the Note accompanying Pa. R.A.P. No. 1112, it is a universal rule that the appeal status of any order may be discovered by examining the docket of the court in which it was entered.

The Pennsylvania Rules of Appellate Procedure provide for filing by mail and the date of filing will be the date of mailing IF the filing is accompanied by a Form 3817. *See Note accompanying* Pa. R.A.P. No. 1112 for details of the Form 3817; *see also* Pa. R.A.P. Nos. 1311(b) and 1514(b).

In the present instance, the filing office of this Court confirmed that a Form 3817 accompanied both the Application for Reargument/Reconsideration and the Application for Supersedeas filed in conjunction therewith. In accordance with Pa. R.A.P. No. 2542, which specifically provides that the Application for Reargument/Reconsideration shall be deemed filed on the date it was deposited in the USPS as shown on a USPS Form 3817 Certificate of Mailing, and the docket in the Prothonotary's office correctly reflects the filing date of November 12, 1998, as stated on the Form 3817.

petition for supersedeas must be filed with the Board in accordance with Pa. R.A.P. No. 1781(a). If the supersedeas is not granted by the Board, an application may be presented to the Commonwealth Court under Pa. R.A.P. No. 1781(c).[3]

In its Application for Supersedeas to this Court in the present situation (where the benefits have been reinstated by this Court, the matter remanded to the Board for further findings and the Employer then sought reconsideration of this Court), the Employer expressed confusion as to the forum in which the application for supersedeas should be filed (with the Commonwealth Court or with the Board, since the matter was remanded to the Board) and consequently filed an Application for Supersedeas Relief in both the Commonwealth Court and with the Board.

This Court recognizes that there are at least two instances where the Pennsylvania Rules of Appellate Procedure are less than articulate in delineating the proper forum for filing an application for supersedeas.[4]

Under Pa. R.A.P. No. 1781, relating to "Stay Pending Action on Petition for Review," the factor which determines the forum in which to file an application for supersedeas is the last forum which has entered the order affecting the payment of the money.[5] In the present instance, the Commonwealth Court has filed an opinion and order which reversed the termination of Claimant's benefits and both reinstated the benefits to the Claimant and remanded

the case to the Board for further findings on the Employer's Modification Petition.

The Employer now seeks a supersedeas from paying the Claimant benefits during the pendency of its Application for Reargument/Reconsideration with this Court.

■ When application is made to an intermediate appellate court seeking the stay of an order pending appeal, the party seeking the stay must make the following showing:

1. That they are likely to prevail on the merits of their appeal;

2. That they will suffer irreparable injury if they are not granted a stay;

3. That the issuance of a stay will not substantially harm other interested parties in the proceedings; and

4. That the issuance of a stay will not adversely affect the public interest.

*Commonwealth v. Martorano*, 535 Pa. 178, 634 A.2d 1063 (1993), *citing the criteria set forth in Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 552–53, 467 A.2d 805, 808–09 (1983). These criteria require the intermediate appellate court to balance the interests of all parties and the public where applicable, and require the applicant to demonstrate a probability of success on the merits. *Martorano* at 535 Pa. at 185, 634 A.2d 1063.

In addressing whether or not the Employer will likely prevail on the merits of their appeal, the Court must not only con-

---

**3.** Under limited circumstances, beyond the scope of this opinion, a further appeal to the Supreme Court may be taken under Pa.R.A.P. Nos. 3315 and 1702(c).

**4.** The two common instances where the Pennsylvania Rules of Appellate Procedure create confusion about the proper forum in which to file an application for supersedeas are 1) where the Commonwealth Court has entered an order from which a petition for allowance of appeal has been filed with the Pennsylvania Supreme Court (where the initial request for a supersedeas should be filed with the Commonwealth Court) and, in this instance, where the Commonwealth Court reinstates

benefits and remands to the Board the matter for further findings on all or a portion (possibly medical bills or attorney fees, etc.) of the case (in which instance the application for supersedeas should be filed with the Commonwealth Court).

**5.** *See* Pa. R.A.P. No 1701(b) and the discussion in the Note following. The applications of these rules apply only to requests for supersedeas' for matters on appeal and the rules do not apply to applications for supersedeas' in the first instance before the Workers' Compensation Judge.

sider the merits of the Application for Reargument, but must also consider the merits of the case on remand.

■ In this instance, the Court reversed the termination of the Claimant's benefits, but recognized that the circumstances presented in the record could possibly support a finding for the modification of the Claimant's benefits, and therefore remanded the matter to the Board for that determination.[6] It is inappropriate for this Court to make an actual determination of whether the Employer has carried its burden of proof on the modification of Claimant's benefits. Although there is some evidence in the record to reasonably infer that the Employer is not *precluded* from succeeding, this Court finds that the record does not demonstrate that the Employer has a strong enough likelihood of success on remand to modify the Claimant's benefits.

Since the Employer has failed to meet the first requirement for a Supersedeas, the other requirements need not be addressed.

For these reasons, the Employer's Supersedeas is denied in accordance with the accompanying order.

### ORDER

AND NOW, this 20th day of January, 1999, having reviewed Sacred Heart Medical Center's Petition for Supersedeas Relief in the above captioned matter and finding that it has not met the criteria set forth in Pa. R.A.P. No. 1781 and in *Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983), it is hereby ORDERED that Sacred Heart Medical Center shall be DENIED A SUPERSEDEAS from paying benefits to the Claimant.

It is further ORDERED that the Workers' Compensation Appeal Board and the Prothonotary of the Supreme Court of

Pennsylvania shall be forwarded forthwith a copy of this Supersedeas.

Jurisdiction relinquished.

---

**6.** In this instance, Employer's examining physician released Claimant to work to a light-duty position with a gradual return to her full duties. *See Thompson*, 720 A.2d at 1077.