**FRANKFORD HOSPITAL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WALSH), Respondent**

**Tanya Walsh, Petitioner**

v.

**Workers' Compensation Appeal Board (Frankford Hospital), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 13, 2006.

Decided Aug. 15, 2006.

Martin G. Malloy, Philadelphia, for petitioner, Frankford Hospital.

Joshua N. Cohen, Philadelphia, for respondent, Tanya Walsh.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Frankford Hospital (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board), which affirmed in part and reversed in part the determination of a Worker's Compensation Judge (WCJ). Tanya Walsh (Claimant) has filed a cross-appeal. The Board's order affirmed the WCJ's determination granting Claimant's claim petition but reversed as to the award of counsel fees and the imposition of penalties. Also before this court is a motion for assessment of counsel fees filed by Claimant.

We affirm the Board's decision and deny Claimant's motion for assessment of counsel fees.

Claimant worked for Employer as a medical assistant. Her duties included assisting physicians in small surgical procedures, computer work and assisting patients. On May 2, 2003, Claimant filed a claim petition alleging that she sustained a work-related injury. At the WCJ's hearing, Claimant testified that on December 24, 2002, she felt a snap in her back while attempting to lean over her desk and pick up a plexi-glass window. Claimant immediately informed her supervisor, Myrna Medina (Medina), who was standing right next to her, that she pulled something.

Claimant treated with one of Employer's physicians and was prescribed anti-inflammatory medications for pain that Claimant was having between her shoulders, lower back, left buttock and left thigh. Claimant again treated with one of Employer's doctors on December 26, 2006, due to her continued complaints of pain. One of Employer's physician's, Dr. Trachtenberg, took Claimant off of work. Employer then referred Claimant to Dr. Schopick, a neurosurgeon, from whom Claimant received medications and a referral for steroid injections.

According to Claimant, she is currently treating with Dr. Kaplan, a pain specialist, from whom she receives medications and physical therapy. Claimant, who has not returned to work since the accident, does not feel physically capable of performing her medical assistant duties.

Claimant also introduced the deposition testimony of Dr. Kaplan into evidence. Dr. Kaplan first examined Claimant on April 15, 2003. Claimant had marked spasm in the paralumbar musculature and tenderness from the midline to the left supragluteal area and upper thigh area. Based on his examination, medical records

and history, Dr. Kaplan opined that Claimant sustained lumbar radicular syndrome, possible radiculopathy and recommended an EMG. Dr. Kaplan stated that Claimant's condition is related to her work injury of December 24, 2002 and that Claimant is disabled from performing her pre-injury duties as a medical assistant.

Employer introduced the testimony of Ray Breswick (Breswick), one of if its general managers. Breswick testified that although Claimant did a good job, she had attendance issues. Specifically, Claimant was written up for two occurrences involving no-shows for work. The most recent occurrence was two and one-half months prior to Claimant's work-injury. He testified that Claimant had problems with child care and transportation and that he had taken Claimant to work on at least two occasions.

Employer also introduced the deposition testimony of Dr. Meller. According to Dr. Meller, his examination of Claimant's cervical and upper extremities was normal. Although Claimant described pain in her back from approximately T–10 to the iliac crest, Dr. Meller testified that her description of pain was non-anatomic, non-dermatomal and completely non-physiologic. When questioned about Claimant's medical records, Dr. Meller stated that there was nothing contained therein to support the opinion that Claimant could not perform her work duties.

Finally, Employer introduced into evidence a surveillance video film showing Claimant on June 13, 19, 24 and July 8, 2003. The film depicted Claimant walking short distances, getting in a car, carrying a box of unknown weight, looking into a mailbox and smoking cigarettes.

The WCJ credited the testimony of Claimant and Dr. Kaplan and concluded that Claimant met her burden of proving that she suffered a work-related injury on December 25, 2002, from which she continues to be disabled. The WCJ also awarded counsel fees and imposed a penalty against Employer.

■ Employer thereafter appealed to the Board. The Board affirmed the award of compensation benefits but reversed as to the award of counsel fees and the imposition of a penalty. Specifically, the Board concluded that Employer presented a reasonable contest such that counsel fees were unwarranted. In addition, because Claimant did not file a penalty petition, nor did the WCJ raise the issue of penalties during the proceedings sua sponte, the imposition of penalties was improper inasmuch as a party must receive notice of the penalties and a hearing on the issue. This appeal followed.[1]

■ Initially, we address those issues raised by Employer. First, Employer claims that in awarding benefits, the WCJ erred inasmuch as her judgment was manifestly unreasonable and a result of bias, prejudice and/or partiality. Specifically, Employer claims that the findings made with regard to Dr. Meller's testimony were improper and prejudicial in nature.

With respect to Dr. Meller's testimony, the WCJ found that such was preposterous, offensive at times, ill willed and ill prepared. (WCJ's F.F. No. 16.) The WCJ also found it offensive to the litigation process that the only medical evidence offered from Employer was from a physician who earned a substantial income from

---

1. Our review is limited to determining whether constitutional rights were violated, an error of law committed or whether necessary findings are supported by substantial evidence. *O'Donnell v. Workers' Compensation Appeal Board (United Parcel Service),* 831 A.2d 784 (Pa.Cmwlth.2003).

IME work and who did not examine Claimant until seven months after the litigation process. Employer argues that the WCJ misconstrued Dr. Meller's testimony and the WCJ's comments with regard thereto were improper and prejudicial. We disagree.

The WCJ, in his findings, explained Dr. Meller's testimony and articulated the reasons for not crediting it. Specifically, the WCJ considered the testimony of Dr. Meller who questioned the existence of a work-related injury and any resultant disability. The WCJ then viewed such testimony in light of the fact that, after the accident, Claimant had initially been treated by two of Employer's doctors, who then placed her off of work. Given that it was Employer's own doctors, who were not called to testify, who initially examined Claimant and placed her out of work, we cannot agree with Employer that the WCJ's statements with respect to the evidence presented by Employer, including the testimony of Dr. Meller, were improper or prejudicial. The WCJ in this case chose not to credit the testimony of Dr. Meller but to credit the testimony of Claimant and her doctor, and such credibility determinations are within the exclusive province of the WCJ. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

■ Employer also argues that the WCJ capriciously disregarded the testimony of Breswick concerning Claimant's past attendance problems and her issues with childcare. With respect to capricious disregard, the Court in *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 203, 812 A.2d 478, 487 (2002), stated that "review for capricious disregard of material, competent evidence is an appropriate component of appellate consideration in every case in which such question is properly brought before the court." However, "where there is substantial evidence to support an agency's factual findings, and those findings in turn support the conclusions, it should remain a rare instance in which the appellate court would disturb an adjudication based upon capricious disregard." Id. at 204, n. 14, 812 A.2d at 488 n. 14. Capricious disregard is a deliberate disregard of competent evidence which one of ordinary intelligence could not possibly have avoided in reaching the result. *Remaley v. Workers' Compensation Appeal Board (Turner Dairy Farms, Inc.)*, 861 A.2d 405 (Pa.Cmwlth.2004), *petition for allowance of appeal denied*, 582 Pa. 720, 872 A.2d 1200 (2005).

As to Breswick's testimony, the WCJ found that it was not entirely material or relevant to Claimant's work injury or disability status. (WCJ's F.F. No. 5.) Employer alleges that Breswick's testimony showed that Claimant had ulterior motives for not returning to work, i.e., child care and attendance issues, and that the WCJ capriciously disregarded his testimony. We observe, however, that the WCJ summarized Brunswick's testimony and concluded that such was not relevant to whether Claimant suffered a work-related injury.

■ Employer similarly argues that the WCJ capriciously disregarded the surveillance video tapes taken of Claimant in June and July of 2003. Employer maintains that the video clearly shows Claimant carrying a box, entering a car, walking in and out of her house and walking to another block. Merely because the WCJ did not find the video persuasive, it does not follow that it was capriciously disregarded. Here, the WCJ viewed the tape and explained that the tape showed Claimant engaged in low sedentary activities, and that the demeanor viewed in the video was the

same which the WCJ observed at the hearings. Moreover, the WCJ, in discussing the video, also referenced the testimony of Dr. Kaplan, who also viewed the video, and opined that the film depicted Claimant performing a low level of activity and also stated that the film did not alter his opinion as to Claimant's condition. The WCJ explained his reasons for not crediting the video inasmuch as the box carried by Claimant was of an undetermined weight and the other activities Claimant engaged in were consistent and sedentary in nature. We cannot agree with Employer that such is a capricious disregard of evidence.

Finally, Employer argues that the Board went beyond its power of review in summarizing the testimony of Breswick and determining that the WCJ's findings were supported by substantial evidence. With respect to Breswick's testimony, we observe that the WCJ specifically found that Breswick testified that Claimant had problems with child care, that Claimant was written up on two occasions for attendance, that he was aware of Claimant's work injury and that Claimant had not returned to work. (WCJ's F.F. No. 2, 3.) Although Employer argues that the Board improperly summarized Breswick's testimony, the Board, in its opinion, merely reiterated those findings made by the WCJ with respect to Breswick's testimony and did not make its own findings. As such, we find no merit to Employer's argument.

■ As to whether the WCJ's findings are supported by substantial evidence, the testimony of Claimant and Dr. Kaplan, credited by the WCJ, supports the determination that Claimant suffered a work-related injury on December 24, 2002, that she suffers from lumbar radicular syndrome attributable to the work injury and that Claimant is unable to return to work.

■ Next, we address Claimant's argument that the Board erred in reversing the WCJ's award of counsel fees. Pursuant to Section 440(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, a prevailing claimant is entitled to counsel fees unless the record supports a conclusion that the employer had a reasonable basis for contesting liability, and it is the employer who bears the burden of presenting sufficient evidence to establish that the contest is reasonable. *Steeple v. Workers' Compensation Appeal Board* (Pennsylvania Liquor Control Board), 796 A.2d 394 (Pa.Cmwlth. 2002).

Here, to dispute the occurrence of the work injury and the degree of Claimant's disability, Employer produced the medical testimony of Dr. Meller. Dr. Meller testified that he did not believe that Claimant suffered a work-related injury and that Claimant could work without restrictions. Although the WCJ did not credit Dr. Meller's testimony, conflicting medical evidence may provide a reasonable basis to contest liability. Furthermore, via the videotape, Employer questioned Claimant's credibility and when credibility is at issue, counsel fees should be denied. *Thissen v. Workmen's Compensation Appeal Board (Hall's Motor Transit),* 137 Pa.Cmwlth. 227, 585 A.2d 612 (1991), *petition for allowance of appeal denied,* 528 Pa. 619, 596 A.2d 802 (1991).

■ Finally, we address Claimant's motion before this court for an assessment of counsel fees against Employer in pursuing an appeal to the Board and this court. We observe that with respect to its appeal to the Board, Employer was partially successful inasmuch as the Board reversed the WCJ's award of counsel fees and the imposition of penalties. Because Employ-

er was successful before the Board an award is not proper.

 As to whether Claimant is entitled to counsel fees with respect to Employer's appeal to this court, we observe that Pa. R.A.P. 2744 permits the imposition of counsel fees if it is determined that "an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Claimant first requests that fees be awarded in having to respond to Employer's supersedeas request. We observe that when an application is made to an intermediate appellate court seeking the stay of an order pending appeal, the party requesting the relief must show: 1) that it will likely prevail on the merits; 2) that it will suffer irreparable injury if it is not granted a stay; 3) that issuance of the stay will not substantially harm other interested parties in the proceedings and 4) that issuance of the stay will not adversely affect the public interest. *Thompson v. Workers' Compensation Appeal Board (Sacred Heart Medical Center)*, 729 A.2d 99 (Pa.Cmwlth.1999). Although Claimant takes issue as to the merits of Employer's request for supersedeas, and we acknowledge that Employer did not prevail in its request, nevertheless Employer in its request addressed the factors outlined in *Thompson* and we conclude that an award of counsel fees is not warranted.

Claimant also alleges that on appeal to this court Employer has failed to present any meritorious issues. Employer is merely challenging the WCJ's credibility determinations and weight to be given to the evidence. Although Employer has not been successful in its appeal to this court, we do not agree that the appeal warrants the imposition of counsel fees. The appeal in this case was not so obviously devoid of merit as to be frivolous.

In accordance with the above, the decision of the Board is affirmed and Claimant's motion for the assessment of counsel fees against Employer is denied.

### ORDER

Now, August 15, 2006, the order of the Workers' Compensation Appeal Board, in the above-captioned matter, is affirmed. The motion for the assessment of counsel fees filed by Tanya Walsh is denied.