IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri Landes, Ph.D.,                         :
              Petitioner           :
                                  :
     v.                                   : No. 1519 C.D. 2018
                                    : ARGUED: November 14, 2019
Bureau of Workers' Compensation       :
Fee Review Hearing Office (Vigilant   :
Insurance Company),                   :
              Respondent        :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                                 FILED: January 13, 2020

      Sherri Landes (Provider) petitions this Court for review of the November 6, 2018 decision of the Bureau of Workers' Compensation Fee Review Hearing Office (Bureau). The Bureau determined that Vigilant Insurance Company (Insurer) appropriately reimbursed Provider for psychotherapy services rendered to a claimant receiving benefits pursuant to the Workers' Compensation Act (Act).[1] Provider argues on appeal that the Bureau's hearing officer capriciously disregarded evidence and, as a result, her finding that Insurer's reimbursement rate was correct is not supported by substantial evidence.

## I. Procedural and Factual Background

      Provider is a licensed psychologist. Notes of Testimony (N.T.), 6/20/17, at 5. As part of her practice, Provider treats patients suffering from a work injury. *Id.* at

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4 – 2501-2710.

6. Individual psychotherapy sessions with these patients are generally 45 minutes in length and Provider bills $150 for her services. *Id.* at 7, 9. When submitting a bill to an insurer, Provider identifies the services rendered using a Current Procedural Terminology (CPT) code.[2] *Id.* at 11. Provider bills for psychotherapy services under CPT code 90834 (2013 Code), which involves "[p]sychotherapy, 45 minutes with patient and/or family member."[3] *Id.*, Ex. No. 2 at 3. Prior to 2013, Provider billed psychotherapy services under CPT code 90806 (Original Code) for "[i]ndividual psychotherapy, insight oriented, behavior modifying and/or supportive, in an office or out-patient facility, approximately 45-50 minutes face-to-face with the patient." N.T., 6/20/17, at 11, Ex. No. 2 at 2.

Provider's reimbursement rate for her services is calculated using the Medicare fee schedule (Fee Schedule) as a basis, per Section 127.103 of the Department of Labor and Industry's (Department) Workers' Compensation Medical Cost Containment Regulations (Regulations).[4] 34 Pa. Code § 127.103. The effective date of the CPT code under which a particular service is billed further influences the applicable reimbursement rate. Section 127.153 of the Regulations provides:

---

[2] CPT codes are developed, maintained, and copyrighted by the American Medical Association (AMA) to help ensure uniformity among medical professionals and the health insurance industry. *Liberty Mut. Ins. Co. v. Bureau of Workers' Comp., Fee Review Hearing Office (Kepko, D.O., Lindenbaum, D.O. c/o East Coast TMR)*, 37 A.3d 1264, 1267 n.6 (Pa. Cmwlth. 2012). These codes consist of a group of numbers assigned to every task and service a medical practitioner may provide to a patient, including medical, surgical, and diagnostic services. *Id.*

[3] CPT descriptions are derived from the CPT Manual produced by the AMA. N.T., 6/20/17, at 21.

[4] Fee Schedules are published annually by the Department in the Pennsylvania Bulletin, effective January 1 of each year. 34 Pa. Code § 127.152(b).

(a) On and after January 1, 1995, outpatient providers whose payments under the act are based on the Medicare fee schedule under §§ 127.103--127.108 shall be paid as follows: *the amount of payment authorized shall be frozen on December 31, 1994, and updated annually by the percentage change in the Statewide average weekly wage*.

(b) On and after January 1, 1995, *adjustments and modifications by HCFA[5] relating to a change in description or renumbering of any HCPCS[6] code will be incorporated into the basis for determining the amount of payment as frozen in subsection (a)* for services rendered under the act.

(c) On and after January 1, 1995, *payment rates under the act for new HCPCS codes will be based on the rates allowed in the Medicare fee schedule on the effective date of the new codes.* These payment rates shall be frozen immediately, and thereafter updated annually by the percentage change in the Statewide average weekly wage.

34 Pa. Code § 127.153 (emphasis added).

In essence, if a CPT code has merely been renumbered, or its description changed, a provider's reimbursement rate is not altered but remains the amount in effect and frozen as of December 31, 1994, adjusted annually by the percentage

---

[5] HCFA is an acronym for the Health Care Finance Administration (HCFA), an agency within the United States Department of Health and Human Services that administers Medicare payments. 42 C.F.R. §§ 400.200 – 600.715. While HCFA was renamed the Centers for Medicare and Medicaid Services (CMS), the Regulations have not been updated to reflect this change. Federal Register, https://www.federalregister.gov/agencies/centers-for-medicare-medicaid-services (last visited January 2, 2020).

[6] HCPCS stands for the Healthcare Common Procedure Coding System, which contains the codes and terminology used for billing Medicare and other health insurance programs. CMS.gov, HCPCS General Information. https://www.cms.gov/Medicare/Coding/MedHCPCSGenInfo/index.html (last visited January 2, 2020). Level I of the HCPCS utilizes the AMA CPT codes. *Id.*

change in the statewide average weekly wage. However, if a new CPT code is established, the reimbursement rate for the related service is determined as of the new code's effective date. This rate is thereafter adjusted annually by the percentage change in the statewide average weekly wage.

Provider's rate of reimbursement for psychotherapy services decreased after implementation of the 2013 Code, although the services she provided had not changed. N.T., 6/20/17, at 12. Her rate of reimbursement in 2012 under the Original Code was $132. *Id.* at 15. In 2016, Provider received $96.05 for each psychotherapy session billed under the 2013 Code. *Id.* at 13, 16.

In conjunction with treatment provided in 2017 and 2018 to a workers' compensation claimant, Provider billed Insurer $150 per session for psychotherapy services. Supplemental Reproduced Record (S.R.R.) at 9b, 15b. Insurer issued explanations of benefits which reduced Provider's charges. *Id.* Provider was paid $97.68 for services rendered on December 7, 2017. *Id.* at 9b. For services rendered March 15, 2018 and March 22, 2018, Provider received $100.61 for each session, for a total reimbursement in the amount of $201.22. *Id.* at 15b. Provider sought review of these payments by the Bureau's Medical Fee Review Section, which determined that no additional payment was due. *Id.* at 33b-36b, 57b-60b. Provider sought further review by a hearing officer.

In support of her application for fee review, Provider submitted testimony taken before Hearing Officer Thomas Kuzma in an unrelated workers' compensation fee review hearing during which Provider similarly contested her rate of reimbursement under the 2013 Code. During that hearing, Provider testified generally as to the services she provides and her billing practices. Provider asserted that the psychotherapy services she rendered under the Original Code were the "exact same service[s]" billed under the 2013 Code. N.T., 6/20/17, at 23. As to the

4

differences between the two codes, Provider opined that the CPT Manual's descriptive language for the 2013 Code had not changed much from the Original Code and psychotherapy was described "in almost exactly the same verbiage."[7] *Id.* at 11, 22. Provider believed some language was removed from the Original Code description to avoid confusion. *Id.* at 31.

Provider also presented the January 3, 2018, decision of Hearing Officer Kuzma (Kuzma Decision), who found that the 2013 Code was not a new code but

---

[7] Provider submitted a document which set forth the CPT Manual definitions for both the Original and 2013 Codes. The Original Code defined psychotherapy as:

> the treatment of mental illness and behavioral disturbances in which the clinician establishes a professional contact with the patient, through definitive therapeutic communication, attempts to alleviate the emotional disturbances, reverse or change maladaptive patterns of behavior, and encourage personality growth and development. The codes for reporting psychotherapy are divided into two broad categories: interactive psychotherapy; and insight oriented, behavior modifying and/or supportive psychotherapy.
>
> Insight oriented, behavior modifying and/or supportive psychotherapy refers to the development of insight or affective understanding, the use of behavioral modification techniques, the use of supportive interactions, the use of cognitive discussion of reality, or any combination of the above to provide therapeutic change.

N.T., 6/20/17, Ex. No. P-2 at 1.

Psychotherapy is defined as the following *in full* in the 2013 CPT Manual as:

> the treatment of mental illness and behavioral disturbances in which the physician or other qualified healthcare professional, through definitive therapeutic communication[,] attempts to alleviate the emotional disturbances, reverse or change maladaptive patterns of behavior, and encourage personality growth and development.

*Id.* at 2.

5

represented a change in the description and numbering of the Original Code. Kuzma Decision, Finding of Fact (F.F.) No. 14. As such, Hearing Officer Kuzma concluded that the reimbursement rate for psychotherapy services was not altered by the 2013 Code and Provider was entitled to reimbursement in the amount of $132, adjusted annually by the percentage change in the statewide average weekly wage. *Id.*, Conclusion of Law (COL) No. 6.

Having reviewed the evidence and the Kuzma Decision, Hearing Officer Colleen Pickens issued a decision on November 6, 2018, denying Provider's fee review (Pickens Decision). Pickens Decision at 13. Provider's testimony was deemed credible in regards to her description of the services provided, her billing procedures, and the amount of payments Provider received between 1993 and 2013. Pickens Decision, F.F. No. 14(b). Provider's testimony that the language in the Original Code and the 2013 Code are "almost exactly the same," however, was rejected as not credible, as there existed clear differences between the descriptions of psychotherapy in the Original Code and the 2013 Code. *Id*. Hearing Officer Pickens further rejected Provider's opinion that she should continue to receive $132, plus cost of living increases, for psychotherapy sessions billed under the 2013 Code. *Id.*

Hearing Officer Pickens determined that substantial changes were made from the Original Code such that the 2013 Code should be considered "an entirely new code," and not merely a change in the description or numbering of the Original Code.[8] Pickens Decision, COL No. 6. As the 2013 Code represented a new code, Section 127.253(c) of the Regulations applied. F.F. No. 14(c). According to the applicable Fee Schedules, the 2017 and 2018 reimbursement rates for the 2013 Code

---

[8] Hearing Officer Pickens expressly found that she was not bound by the Kuzma Decision. Pickens Decision, F.F. No. 14(d).

were $97.68 and $100.61, respectively. F.F. No. 14(b). Insurer paid these amounts for Provider's 2017-18 services and Provider offered no evidence which proved different rates applied. *Id.* Insurer thus met its burden of proof[9] that it appropriately reimbursed Provider and she was not due any additional payment. F.F. No. 14(e), COL No. 6. This appeal followed.

## II. Issue on Appeal

On appeal,[10] Provider argues that Hearing Officer Pickens erred in determining that Insurer's reimbursement rate was appropriate as she capriciously disregarded Provider's testimony and, consequently, Hearing Officer Pickens' findings of fact are not based on substantial evidence.

## III. Analysis

Provider argues that Hearing Officer Pickens capriciously disregarded her uncontradicted testimony that the medical services she provided were exactly the same, regardless of the code under which they were billed. Provider submits that the purpose of the Regulations is to establish procedures for reimbursing providers, not to reduce a provider's rate of reimbursement following a "minor administrative change[,]" when the services rendered have remained the same. Provider's Br. at

---

[9] During a fee review hearing, the insurer bears the burden of proving by a preponderance of the evidence that it properly reimbursed the provider. 34 Pa.Code § 127.259(f).

[10] This Court's scope of review of a decision by the Bureau's Hearing Office determines whether the necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, and whether the hearing officer committed an error of law. 2 Pa. C.S. § 704; *Walsh v. Bureau of Workers' Comp. Fee Review Hearing Office (Traveler's Ins. Co.)*, 67 A.3d 117, 120 n.5 (Pa. Cmwlth. 2013). Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Washington v. Workers' Comp. Appeal Bd. (Pa. State Police)*, 11 A.3d 48, 54 n.4 (Pa. Cmwlth. 2011). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Mgmt. Serv., Inc. v. Bureau of Workers' Comp., Fee Review Hearing Office (Piszel and Bucks Cty. Pain Ctr.)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

7

13. Provider maintains that the 2013 Code represents a change in the description to, and renumbering of, the Original Code. In that regard, Provider urges this Court to accept the findings of Hearing Officer Kuzma that a new code was not established and Provider is entitled to reimbursement in the amount of $132, adjusted annually by the statewide average weekly wage.

Insurer contends that Hearing Officer Pickens correctly applied the controlling regulations and Fee Schedules. In accordance with Section 127.153(b) of the Regulations, the rate of reimbursement under a CPT code which has merely changed or been renumbered is based on the rate in effect and frozen on December 31, 1994. The basis for reimbursement under a new CPT code, however, is determined by the effective date of the new code. 34 Pa. Code § 127.153(c). Insurer maintains that the 2013 Code is an entirely new code as the description of services differs from those described in the Original Code, and the 2013 Code reduced the therapy session from a flexible period of 45-50 minutes to a set period of 45 minutes. Payment for Provider's 2017-18 services was governed by the 2017 and 2018 Fee Schedules, and the Hearing Officer's determination in that regard was not in error.

Insurer rejects the Kuzma Decision as irrelevant and non-binding, and asserts Hearing Officer Pickens was not required to make the same credibility findings, particularly in light of the fact that Provider's deposition was taken in an unrelated case involving a different claimant. Furthermore, the Kuzma Decision represents an error of law, as Hearing Officer Kuzma ignored the plain language of the applicable regulations when he determined the 2013 Code was merely a modification of the Original Code. Finally, Insurer contends that Provider's argument that her testimony was capriciously disregarded by the Hearing Officer has no merit. Rather, Hearing

Officer Pickens considered Provider's testimony and explained her reasons for discrediting portions of it.

A capricious disregard of evidence is a deliberate disregard of competent evidence which a person of ordinary intelligence could not possibly have avoided in reaching the result. *Frankford Hosp. v. Workers' Comp. Appeal Bd. (Walsh)*, 906 A.2d 651, 655 (Pa. Cmwlth. 2006). Capricious disregard of competent evidence may also be described as the willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one has no basis to challenge. *CRL of Maryland, Inc. v. Workmen's Comp. Appeal Bd. (Hopkins)*, 627 A.2d 1238, 1242 (Pa. Cmwlth. 1993). Where substantial evidence exists to support the factual findings, and those findings support the legal conclusions, it should remain a rare instance in which an appellate court disturbs an adjudication based upon capricious disregard. *Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 812 A.2d 478, 487 n.14 (Pa. 2002). Reversal based on this type of review should occur only where it is clear beyond doubt that an agency's legal conclusions were based upon a capricious disregard of evidence. *Id.* at 486. This might occur if "the agency expressly refused to resolve conflicts in the evidence and make essential credibility determinations." *Id.*

In arguing Hearing Officer Pickens capriciously disregarded her testimony, Provider points to the rejection, "without any contrary evidence or testimony, that the medical service provided to the claimant was exactly the same[,]" regardless of the code by which it was billed. Provider's Br. at 13.

Provider's argument misapprehends the findings and lacks merit, as Hearing Officer Pickens carefully summarized the testimony presented and set forth her credibility determinations. Provider's testimony that the *code descriptions*, and not the services rendered, were "almost exactly the same" was discredited, as Hearing

9

Officer Pickens found that the definitions for the Original and 2013 Codes clearly differed. Pickens Decision, F.F. No. 14(b). Provider attributed these differences to an attempt by the drafter to avoid confusion, however, this testimony appears to be pure speculation, as there is no evidence to suggest Provider was involved in drafting the 2013 Code or that she has special knowledge regarding the decision to replace the Original Code. Moreover, contrary to Provider's assertion her testimony was deliberately ignored, Hearing Officer Pickens did indeed credit Provider's "description of the psychotherapy sessions she provides[.]" *Id.*

Provider's argument may be more fairly characterized as disagreement with the credibility findings made by Hearing Officer Pickens. As matters of credibility and evidentiary weight are within the sole province of the fact-finder, *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corporation)*, 980 A.2d 181, 184-85 (Pa. Cmwlth. 2009), we will not reweigh the evidence or substitute our credibility determinations for those of Hearing Officer Pickens.

As to whether the 2013 Code constituted the establishment of a new code or merely a revision of the Original Code, a question arises as to Hearing Officer Pickens' jurisdiction to make such a determination, given the limited scope of the fee review process, which is limited to the timeliness of an insurer's payment and the correct amount of reimbursement owed to the provider. 34 Pa. Code § 127.251; *Crozer Chester Med. Ctr. v. Bureau of Workers' Comp. Health Care Review Div.*, 22 A.3d 189, 196 (Pa. 2011).

Section 306(f.1)(5) of the Act provides in part as follows:

> **All payments to providers for treatment provided pursuant to [the Act] shall be made within [30] days of receipt of such bills** and records unless the employer or insurer disputes the reasonableness or necessity of the

10

treatment . . . **A provider who has submitted the reports and bills required by this section and who disputes the amount or timeliness of the payment from the employer or insurer shall file an application for fee review** with the [D]epartment.

77 P.S. § 531(5) (emphasis added).

Therefore, Section 306(f.1)(5) mandates the prompt payment of any undisputed treatment within 30 days of a bill's receipt. In the event payment is not made, or the amount paid is disputed, an application for fee review is filed. The fee review process presupposes that liability for payment of medical bills has been established. *Nickel v. Workers' Comp. Appeal Bd. (Agway Agronomy)*, 959 A.2d 498, 503 (Pa. Cmwlth. 2008).

Presently, Provider has not alleged her bills were not paid in a timely manner. Provider has not argued that the fees paid were not calculated in accordance with the applicable Fee Schedules, or that Insurer applied the incorrect CPT code in determining her rate of reimbursement. Rather, Provider presents a challenge to the classification of the 2013 Code as a new code subject to Section 127.153(c) of the Regulations, which relies on the effective date of the new code to determine the appropriate reimbursement rate. A determination of whether the classification is appropriate or not is quite simply outside the jurisdiction of the medical fee review process. Hearing Officer Pickens' review was therefore limited to determining whether Provider was appropriately compensated under the Fee Schedules.

Focusing on that narrow issue, we discern no error in her conclusion that Provider was owed no additional payment. Based on the applicable Fee Schedules, the reimbursement rate for the 2013 Code was $97.68 in 2017 and $100.61 in 2018. There is no dispute that Insurer paid these amounts for Provider's 2017-18 services. Accordingly, we affirm the November 6, 2018 order of Hearing Officer Pickens, but

11

only to the extent she concluded Provider was appropriately reimbursed for psychotherapy services rendered. We decline to address whether she correctly concluded the 2013 Code was governed by Section 127.153(c) of the Regulations, as that issue lies outside the limited jurisdiction of the medical fee review process.[11]

_____
ELLEN CEISLER, Judge

---

[11] Following oral argument on November 14, 2019, Insurer submitted an application to amend its brief for purposes of correcting an outdated web link. Having received no objection from Provider, Insurer's application is hereby granted.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherri Landes, Ph.D.,             :
         Petitioner        :
                                  :
       v.                    : No. 1519 C.D. 2018
                                    :
Bureau of Workers' Compensation  :
Fee Review Hearing Office (Vigilant :
Insurance Company),             :
         Respondent    :

# **O R D E R**

AND NOW, this 13th day of January, 2020, the November 6, 2018 order of Bureau of Workers' Compensation Fee Review Hearing Office is hereby affirmed. Vigilant Insurance Company's Application to Amend Brief is hereby granted.

_____
ELLEN CEISLER, Judge